**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE**

**CIVIL ACTION NO. 04-370-DLB**

**JOE FRALEY**                                                                                                                                              **PLAINTIFF**

vs.                               **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                                                    **DEFENDANT**

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Joe Fraley filed applications for a period of disability, Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on January 17, 2003. (Tr. 83, 126) Plaintiff, who was 41 years old at the time of the hearing, has a ninth grade formal education. He alleges a disability onset date of November 1, 2002, due to a back impairment, asthmas, chronic obstructive pulmonary disease, emphysema, diabetes, and high blood pressure. (Tr. 96, 117) His applications were denied initially and on reconsideration. (Tr. 65, 130; 70, 135) Plaintiff then requested a hearing before an administrative law judge, which hearing was held on December 18, 2003, in Prestonsburg, Kentucky. (Tr. 33-62) On April 19, 2004, the ALJ ruled that Plaintiff was not under a

disability and so was not eligible for period of disability, DIB or SSI payments. (Tr. 16-25) This decision was approved by the Appeals Council on September 18, 2004. (Tr. 4)

The instant appeal was filed on October 25, 2004. It has now culminated in cross motions for summary judgment.

## II. DISCUSSION

**A.     Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v.*

*Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 17).  At Steps 2 and 3, the ALJ found that Plaintiff has severe impairments of degenerative disc disease and chronic obstructive pulmonary disease. (Tr. 18)  The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 19)

At Step 4, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a significant range of work at the light exertion level, with only occasional climbing, stooping, kneeling, crouching, and crawling. (Tr. 22) Nonexertionally, he should avoid concentrated exposure to vibration and hazards such as dangerous machinery and heights, as well as concentrated exposure to dust, fumes, gases, and poor ventilation due to his breathing problems. (*Id.*) Because Plaintiff's past work as a heavy equipment operator was performed above the light level of exertion, the ALJ found that, even with his RFC, Plaintiff was unable to perform this past relevant. (Tr. 22, 60)

The ALJ therefore proceeded to the final step of the sequential evaluation.  At Step 5, the ALJ found that there are jobs existing in significant numbers in the national economy that Plaintiff could perform, including kitchen worker and machine tender at the light level, and assembler and hand packer at the sedentary level. (Tr. 23)  This conclusion resulted from testimony by a vocational expert ("VE"), in response to hypothetical questions

involving a person of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 60)

**C.     Analysis**

Plaintiff raises one challenge in his appeal.  He argues the ALJ's failure to recontact one of his treating physicians, Dr. Raghu Sundaram, renders the ALJ's consideration of his claim fatally defective.  The Court disagrees.

Dr. Sundaram's limited treatment records are part of the administrative record. (Tr. 200-07)  He treated Plaintiff for his breathing difficulties, primarily with medications.  Most of his contact with the Plaintiff was in 2002.

The ALJ's review of the medical evidence associated with Plaintiff's breathing disorder was appropriate, and his conclusions with respect to Plaintiff's limitations therefrom are supported by substantial evidence.  Plaintiff has smoked one to two packs of cigarettes per day for many years.  The ALJ noted he has been diagnosed with nicotine addiction and abuse. (Tr. 21)  This alone impacts the ALJ's consideration of this condition as disabling.  *See Brown v. Social Security Admin.,* 221 F.3d 1333, 2000 WL 876567, *1 (6th Cir.)(unpublished table decision)(noting claimant's heavy smoking is relevant to whether his COPD is disabling, citing *Sias v. Sec'y of Health & Human Servs.,* 861 F.2d 475, 480 (6th Cir. 1988)(per curiam)).  Nevertheless, the ALJ reviewed and considered the merits of whether Plaintiff was disabled due at least in part to his COPD.  He noted that the records from one of Plaintiff's treating physicians, Dr. Chicos, documented complaints of shortness of breath and objective x-ray findings of early emphysema and COPD. (Tr. 18, 156-90, 192-99)  Pulmonary studies in April 2001 showed moderate obstruction. (Tr. 190-91)  And Plaintiff was examined more recently by Dr. Wayne Page (tr. 208-10), whose evaluation

4

included pulmonary functioning testing in March of 2003 that evidenced mild obstruction (tr. 211-13). The ALJ also noted that Dr. Sundaram recommended to Plaintiff in February of 2003 that he be admitted for exacerbation of his COPD, but Plaintiff rejected this advice. (Tr. 200)

The ALJ's consideration also included Plaintiff's subjective complaints related to his breathing difficulties and his current medication regime to lessen his symptoms. (Tr. 18, 20-21). The ALJ noted that Plaintiff has had less medical follow-up for his breathing since his alleged date of onset, but regardless concluded his breathing limitations do result in certain work function limitations; namely, avoiding concentrated exposure to dust, fumes, gases, and poor ventilation. That the ALJ "imposed adequate limitations to account for his breathing problems" (tr. 22) is supported by the substantial evidence discussed hereinabove. Dr. Sundaram's treatment and notations are not inconsistent with this overall assessment and conclusion by the ALJ.

Plaintiff essentially advocates a bright-line rule, where claims are reversed and remanded simply because a treating source office note is illegible. This is not the standard. The social security application process places the burden of demonstrating disabled status upon the applicant. 20 C.F.R. §§ 404.1512(a), 416.912(a). The ALJ must make reasonable effort to procure medical information from treating sources, *id.* §§ 404.1512(d) and 416.912(d), but Plaintiff carries the burden of providing medical evidence of disability, *id.* §§ 404.1512(c) and 416.912(c).

The regulations call for follow-up "when the report from [that] medical source contains a conflict or ambiguity that must be resolved ..." *Id.* §§ 404.1512(e)(1), 416.912(e)(1). Such is not the case here. Dr. Sundaram provided office notes, not a

5

report. Even had a report been provided, there must be an actual conflict or ambiguity. Portions of the note at issue are illegible (tr. 202), but his remarks are something to the effect that Plaintiff should restrict his work to two days a week due to increased breathing difficulties. That must be placed in the context of Dr. Sundaram's overall care and treatment and the record as a whole. Studies in 2001 evidenced moderate obstruction (tr. 190-91), and Dr. Sundaram's testing in early 2002 revealed possible mild restrictive ventilatory defect (tr. 207). As the ALJ noted, in February of 2003 Dr. Sundaram recommended Plaintiff be admitted for an exacerbation of his symptoms, but he refused. (Tr. 200). By the time of Dr. Paige's testing in March of 2003, Plaintiff exhibited mild obstruction. (Tr. 211-13). In the context of this overall medical documentation, Dr. Sundaram's office note does not reflect a conflict or ambiguity that could only be resolved by the ALJ through re-contacting Dr. Sundaram.

The authorities relied upon by Plaintiff are not relevant to disposition of this issue. Though unpublished, the Sixth Circuit's decision in *Littlepage v. Chater,* 134 F.3d 371, 1998 WL 24999, *3 (6th Cir.)(unpublished table decision), supports the conclusion that re-contacting the physician pursuant to 20 C.F.R. §§ 404.1512(e) or 416.912(e) is not a bright-line requirement, but rather driven by the nature and extent of the overall record and the ALJ's consideration of that record.

Moreover, even assuming for sake of analysis that re-contacting Dr. Sundaram was in order, any such error was harmless where "Plaintiff did not identify and offer to present any additional evidence from Claimant's treating physicians showing that Claimant was disabled during the relevant period." *Melton v. Comm'r,* 178 F.3d 1295, 1999 WL 232700, *5 (6th Cir.)(unpublished table decision). Plaintiff was represented by counsel at the

hearing. Counsel was also aware of the exhibits proposed for admission by the ALJ and voiced no objection nor made any suggestion that additional information was anticipated, expected, or needed from Dr. Sundaram in order to adjudicate Plaintiff's disability claim.

The Court finds that the ALJ's consideration of Plaintiff's breathing problem and severe impairment of COPD complied with the governing legal standard. Based upon the record in this claim, the ALJ's findings on this point were supported by substantial evidence.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

Dated this 31st day of January, 2006.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-370-FraleyMOO.wpd